IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-44911 |
| | ) | |
| TIMOTHY LEE ROEDER, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 31, 33 |

<u>ORDER</u>

Hearing was held in Lincoln, Nebraska, on August 30, 2006, regarding Filing No. 31, Objection to Claim of Nebraska Department of Revenue, filed by the debtor, and Filing No. 33, Resistance, filed by Kent Oelkers and Craig Thurston. Douglas DeLair appeared for the debtor and Marion F. Pruss appeared for Kent Oelkers and Craig Thurston.

The debtor was an officer of a corporation and he had signatory powers over the checking account with regard to payment of withholding taxes. Other officers included Kent Oelkers and Craig Thurston.

Apparently the company did not pay its withholding taxes to the State of Nebraska and the company was eventually put out of business. The State of Nebraska assessed Craig Thurston and Kent Oelkers as "responsible parties" under the tax laws and holds them individually responsible for the failure to withhold and pay over the taxes.

Mr. Thurston and Mr. Oelkers strongly feel that Mr. Roeder is also a responsible party, even though the State of Nebraska Department of Revenue has not assessed the tax obligation against Mr. Roeder. Therefore, they have filed a claim on behalf of the Nebraska Department of Revenue in this bankruptcy estate of Mr. Roeder. Mr. Roeder has objected, first on the theory that adversary proceedings earlier brought by Mr. Thurston and Mr. Oelkers to require contribution by Mr. Roeder have been dismissed with prejudice. Secondly, Mr. Roeder suggests that it is not good policy to permit a person or entity other than the Department of Revenue to determine tax assessment and responsible party assessments.

The Bankruptcy Code, at 11 U.S.C. § 501(b), provides, "If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." Federal Rule of Bankruptcy Procedure 3005 permits an entity that is or may be liable with the debtor to a particular creditor, to, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c) execute and file a proof of claim in the name of the creditor.

The claim filed by Mr. Thurston and Mr. Oelkers on behalf of the Department of Revenue is not barred by res judicata. The dismissal of the adversary proceeding was based upon the fact that they requested contribution from Mr. Roeder but they had not made any payment. Without payment, under Nebraska law, no contribution is required.

Here, they are not asking for contribution. They are asking that Mr. Roeder be determined to be liable for a certain amount of the taxes due to the Department of Revenue and that he be required to pay them through his plan.

The objection of Mr. Roeder to the filing of the claim on behalf of the Department of Revenue is denied. However, there is a factual dispute with regard to his actual liability. Even though he was an officer, he suggests that Mr. Thurston and Mr. Oelkers diverted funds which made it impossible to pay the taxes. A trial on the issue of "responsible party" shall be scheduled for one day. Mr. Roeder, Mr. Thurston and Mr. Oelkers are invited to appear and explain their positions with regard to the tax obligations. The Nebraska Department of Revenue is also invited to appear to state its position with regard to the "responsible party" status of Mr. Roeder.

The Clerk shall schedule this matter for one day. The Clerk shall also notify the Department of Revenue, through its counsel, that the Department is invited to participate in the hearing.

SO ORDERED.

DATED this 20th day of September 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Douglas DeLair
    Marion Pruss
    Kathleen Laughlin
    U.S. Trustee
    Nebraska Department of Revenue
    Attention Bankruptcy Unit
    P.O. Box 94818
    Lincoln, NE 68509

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.